UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10606
_____


Steven W. Clary,

                              Plaintiff-Appellant,

                    versus

Computer Associates International, Inc.,

                              Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas
(3:95-CV-282-G)
_____

February 19, 1997

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Plaintiff-Appellant Stephen W. Clary appeals from an adverse

summary judgment of the district court dismissing his

discrimination claim brought pursuant to the Age Discrimination in

Employment Act, 29 U.S.C. § 621 *et seq*.  After a careful review of

_____

[*]    Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

the pleadings, summary judgment motion, response thereto, summary judgment evidence of both parties, and the arguments presented on appeal, our *de novo* review convinces us that the district court correctly granted summary judgment.

Specifically, Clary's attempt to establish that he was subjected to disparate treatment discrimination by offering evidence of a pattern or practice of discrimination cannot succeed because his own deposition refutes personal knowledge of the ages of other allegedly terminated employees. Clary's failure to present competent summary judgment evidence regarding the ages of such employees, when evidence of this nature was readily ascertainable through discovery, precludes him from creating a fact issue regarding the defendant's alleged pattern or practice of discrimination. *See, e.g., Vidrine v. Enger, M.D.*, 752 F.2d 107, 110 (5th Cir. 1984) ("We have repeatedly held that, while notice pleading is sufficient to open the federal courthouse door, a party opposing a motion for summary judgment, properly put, may not ask the court to try the case in order to determine the facts but must set forth by affidavit or deposition specific facts that would justify judgment in his favor if proved."). Clary's failure in this regard also precludes him from establishing a material question of fact, in combination with other evidence in the record, regarding the ultimate question of discrimination *vel non*.

Because the competent summary judgment evidence before the

district court did not raise a material fact issue that age was a determinative reason for Clary's termination, the judgment of the district court is AFFIRMED.